IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

RMX CONSTRUCTION (A/A/O
ADEL BESHARA),

        CASE NO:

    Plaintiff,

v.

GEOVERA SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, RMX CONSTRUCTION (A/A/O ADEL BESHARA), ("RMX"), by and through the undersigned counsel and pursuant Florida Rules of Civil Procedure, hereby files this Complaint against the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY ("GEOVERA"), and as grounds therefore states as follows:

1. That this is an action for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest, attorney fees and costs, and is otherwise within the jurisdictional limits of this Court.

2. That at all times material hereto the Defendant was an insurance company authorized to do business in the State of Florida and doing business in Duval County, Florida.

3. That at all times material hereto the Plaintiff was and is authorized to do business in the State of Florida and doing business in Duval County, and is otherwise *sui juris*.

4. Jurisdiction and venue are proper in Duval County, Florida.

## COUNT I
## BREACH OF CONTRACT AS ASSIGNEE OF ADEL BESHARA

Plaintiff readopts and realleges Paragraphs 1 through 4 above as if fully stated herein, and further alleges as follows:

5. Plaintiff brings this action based upon an after-loss assignment of insurance proceeds by ADEL BESHARA ("BESHARA").

6. That at all times material hereto, BESHARA and Defendant had a policy of insurance, Policy No. GC70046733, on the residence located at 6311 Green Myrtle Dr., Jacksonville, FL 32258, which afforded various types of coverages including coverage for damage to dwelling, other structures, personal property, and for loss of use. Plaintiff is not in possession of a true and correct copy of the policy, but believes one to be in possession of Defendant.

7. On or about July 22, 2018, the above described property was damaged, and the subject insurance policy was in full force and effect at all times material hereto. Defendant was given timely notice of the loss. Accordingly, Defendant assigned Claim Number FG18013298.

8. BESHARA is entitled to insurance benefits for the damage under the above-referenced policy.

9. On or about November 6, 2018, BESHARA retained RMX to perform services and/or repairs at the aforementioned property.

10. Plaintiff provided necessary services for BESHARA, and in exchange, BESHARA authorized direct payment and assigned his/her property insurance rights, benefits, and proceeds to the Plaintiff, RMX, as consideration for the repairs made by the Plaintiff. A copy of Assignment of Insurance Benefits is attached hereto as **Exhibit "A"**.

11. Plaintiff has complied with all conditions precedent and statutory requirements.

2

12. In accordance with the aforementioned Assignment of Insurance Benefits, Plaintiff timely billed Defendant for services rendered and/or repairs to be completed at the property in relation to the loss, which would be covered under the aforesaid insurance policy with Defendant.

13. Defendant has failed and/or refused to make full payment for emergency mitigation services, mold remediation, and/or the repairs necessary to put the property back to its pre-loss condition.

14. That Defendant's refusal to pay the full amount of the aforementioned services rendered as well as full amount necessary to put the property back to its pre-loss condition is contrary to the terms of the policy and/or Florida law and was a breach of said contract of insurance.

15. The Plaintiff has been damaged by the Defendant's breach of said contract of insurance by not having been compensated for the services rendered at the property and by not having been compensated for the amount necessary to put the property back to its pre-loss condition.

16. Defendant has failed and/or refused to make full payment for emergency mitigation services, mold remediation, and/or the repairs necessary to put the property back to its pre-loss condition.

17. The Plaintiff has been damaged by the Defendant's breach of said contract of insurance by not having been compensated for the services rendered to the insured property and by not having been compensated for the amount necessary to put the property back to its pre-loss condition.

18. That as a direct and proximate result of the Defendant's refusal to pay the Plaintiff for services rendered and the amount necessary to put the property back to its pre-loss condition,

the Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the Plaintiff's interests and Plaintiff has become obliged to pay them a reasonable fee for their services in bringing this action.

19. In the event that the Plaintiff prevails in this action, Plaintiff is entitled to an award of attorney fees and costs pursuant to Florida Statute Section 627.428, 626.9373, and/or any other Florida law.

**WHEREFORE**, the Plaintiff, RMX CONSTRUCTION (A/A/O ADEL BESHARA), a Florida Corporation, demands judgment against the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, for damages including, but not limited to, payment of Plaintiff's invoice/bill, interest allowed by law, reasonable attorney fees and costs pursuant to Florida Statute Section 627.428, 626.9373, and/or any other Florida law, and any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs further demands a trial by jury of all issues so triable as a matter of right.

Dated this 17th day of June, 2019.

By:  /s/ Kevin Weisser
KEVIN WEISSER
Florida Bar No: 98828
WEISSER ELAZAR & KANTOR, PLLC
Attorneys for Plaintiff
800 East Broward Boulevard, Suite 610
Fort Lauderdale, FL 33301
T: (954) 486-2623
F: (954) 572-8695
Email: KW@WEKLaw.com
PB@WEKLaw.com